**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**BAILEE MERIDITH, et al.,**

                      **Plaintiffs,**                **Civil Action**

**v.**                                       **No. 07-2529-JAR-DJW**

**GREAT WOLF LODGE OF
KANSAS CITY, LCC,**

                      **Defendant.**

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Plaintiff's Motion for Leave to File First Amended Petition (doc. 22). Plaintiffs seek leave to amend their Petition "to substitute the named defendant with the correct corporate entity."[1] Defendant opposes the motion, arguing that it is untimely and that Plaintiffs have failed to show good cause for extending the deadline for filing motions to amend or join. For the reasons set forth below, the Court denies the motion.

**I.     Background Facts**

Plaintiffs have sued Great Wolf Lodge of Kansas City, LLC ("Defendant") for negligence to recover for personal injuries they claim they suffered during a March 3, 2006 overnight stay at the Great Wolf Lodge in Kansas City, Kansas. Plaintiffs initially filed the action in the District Court for Wyandotte County, Kansas on September 17, 2007. Defendant removed the action to this Court on October 29, 2007. Defendant filed its answer on October 31, 2007, denying any liability and asserting, *inter alia,* that it is not the proper defendant. Paragraph 23 of the Answer stated: "For

---

[1] Pl.'s Mot. for Leave to File First Am. Pet. (doc. 22) at p. 1.

further answer and by way of affirmative defense, this defendant alleges that it is not a proper party-defendant in this lawsuit."[2]

A Scheduling Order was issued in this case on April 8, 2008, in which the Court set a deadline of April 15, 2008 for filing motions for leave to amend the pleadings.[3]  In addition, the deadline for completing discovery was set for August 31, 2008,[4] and the Pretrial Conference was scheduled for October 29, 2008.[5]

On June 2, 2008, Defendant filed a Motion for Summary Judgment (doc. 18) and Supporting Memorandum (doc. 19).  In its Supporting Memorandum, Defendant asserts that it is not a proper party to this lawsuit, as it does not own, manage, operate or control the Great Wolf Lodge where the alleged negligence occurred.[6]  Plaintiffs have not filed a response to the Motion for Summary Judgment; however, they did file the instant Motion to Amend on June 26, 2008.

In their Motion to Amend, Plaintiffs state that their Petition mistakenly named "Great Wolf Lodge of Kansas City, LLC" as the defendant.  They state that they "have discovered that the name of the correct corporate defendant is Great Wolf Resorts, Inc."[7] and that they now wish to amend the Complaint to plead their causes of action against Great Wolf Resorts, Inc ("Great Wolf Resorts").

---

[2]Def.'s Answer (doc. 5), ¶ 23.

[3]Scheduling Order (doc. 9), ¶ 3.a.

[4]*Id*., ¶ 2.b.

[5]*Id*., ¶ 4.b.

[6]Mem. in Support of Def.'s Mot. for Summary J. (doc. 19) at pp. 2-3.

[7]Pls.' Mot. for Leave to File First Am. Pet. (doc. 22) at p. 1.

## II.     Standard for Ruling on a Motion to Amend

Pursuant to Federal Rule of Civil Procedure 15(a)(2), once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[8]   Rule 15(a)(2) specifies that the court "freely give leave when justice so requires."[9] Nonetheless, a court may refuse to grant leave to amend based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[10]

When the deadline for amending pleadings set in the scheduling order has passed, as is the case here, Federal Rule of Civil Procedure 16(b)(4) is implicated.  Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[11]  In *Minter v. Prime Equipment Co.,*[12] the Tenth Circuit expressly declined to "decide whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' for the

---

[8]Fed. R. Civ. P. 15(a)(2).

[9]*Id.*

[10]*Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

[11]Fed. R. Civ. P. 16(b)(4).  In addition, the Scheduling Order in this case states that the schedule "shall not be modified except by leave of court upon a showing of good cause."  Doc. 9 at p. 11.

[12]451 F.3d 1196, 1205 (10th Cir. 2006).

amendment under Rule 16(b) in addition to the Rule 15(a) requirements," as that issue was not argued by the parties.[13]

This Court has in the past applied a two-step analysis based on both Rule 16(b) and Rule 15(a) when faced with a request to amend a complaint past the scheduling order deadline.[14] This practice has continued after the *Minter* decision.[15] Thus, when a motion to amend is filed beyond the scheduling order deadline, this Court will first determine whether the moving party has established "good cause" within the meaning of Rule 16(b)(4) so as to justify allowing the untimely

---

[13]*Id.* at n. 4.

[14]*See, e.g., Lone Star Steakhouse and Saloon, Inc. v. Liberty Mut. Ins. Group*, No. 02-1185-WEB, 2003 WL 21659663, at *2 (D. Kan. Mar. 13, 2003) ("When a party seeks leave to amend after the deadline established in a pretrial scheduling order, however, that party must satisfy the standards set forth in Fed. R. Civ. P. 16(b), as well as Fed. R. Civ. P. 15(a)."); *Deghand v. Wal-Mart Stores, Inc.*, 904 F.Supp. 1218, 1221 (D. Kan. 1995) ("Because the plaintiff sought leave to amend her complaint after the deadline established in the pretrial scheduling order, Rule 16 of the Federal Rules of Civil Procedure is the plaintiff's first hurdle. . . . Rule 15 is the next hurdle for the plaintiff.").

[15]*See, e.g., Wilson v. Wal-Mart Stores, Inc.,* No. 07-2263-JWL, 2008 WL 2622895, at *2-3 (D. Kan. June 30, 2008) (recognizing that "[c]ourts in this District apply the standards set forth in Federal Rules of Civil Procedure 15(a) and 16(b) when the motion to amend a complaint is filed after the scheduling deadline," and denying motion to amend where plaintiff failed to show good cause for filing motion to amend seven months after the amendment deadline); *ICE Corp v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 WL 4570930, at *2 (D. Kan. Dec. 27, 2007) ("When a motion to amend is filed out of time, the court must examine the liberal amendment policy of Fed. R. Civ. P. 15(a) in conjunction with the good cause standard of Fed. R. Civ. P. 16(b).") (internal quotations and citations omitted); *Boatright v. Larned State Hosp.*, No. 05-3183-JAR, 2007 WL 2693674, at *5 (D. Kan. Sept. 10, 2007) ("[C]ourts in the District of Kansas have routinely held that when considering a motion to amend filed after the deadline established in a scheduling order, the court must determine whether 'good cause' within the meaning of Fed. R. Civ. P. 16(b) has been sufficiently demonstrated to justify allowing the untimely motion and if the Fed. R. Civ. P. 15(a) standards have been satisfied.") (internal quotations and citations omitted); *In re Urethane Antitrust Litig.,* No. 04-MD-1616-JWL, 2007 WL 1424327, at *3-5 (D. Kan. May 14, 2007) (applying Rules 15(a) and 16(b)(4) to deny motion to amend where motion was filed substantial period after scheduling order deadline).

motion. Only after determining that good cause has been established, will the Court proceed to determine if the more lenient Rule 15(a) standard for amendment has been satisfied.[16]

To establish good cause under Rule 16(b)(4), the moving party must show that the deadline could not have been met even if it had acted "with due diligence."[17] "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."[18] Furthermore, the lack of prejudice to the nonmovant does not show "good cause."[19] A district court's determination as to whether a party has established good cause sufficient to modify a scheduling order amendment deadline is within the court's discretion, and will be reviewed only for the abuse of discretion.[20]

Once the court determines that the moving party has established good cause for not meeting the amendment deadline, the Court will proceed to consider whether leave to amend should be granted under Rule 15(a). In making this determination, the court will consider whether the moving party has unduly delayed in filing the motion, acted with bad faith or dilatory motive, or repeatedly

---

[16]*See Boatright*, 2007 WL 2693674, at *6 (recognizing the Rule 15(a) standard as more lenient than the "good cause" standard of Rule 16(b)); *Geer v. Challenge Fin. Inv. Corp.*, No. 05-1109-JTM, 2007 WL 1149131, at *2 (D. Kan. Apr. 18, 2007) (same).

[17]*Boatright,* 2007 WL 2693674, at *5; *accord Lone Star Steakhouse*, 2003 WL 21659663, at *2 (party moving to amend after the scheduling order deadline "must show that despite due diligence it could not have reasonably met the scheduled deadlines."); *Deghand*, 904 F.Supp. at 1221 (the moving party "must show that despite due diligence it could not have reasonably met the scheduled deadlines.").

[18]*Lone Star Steakhouse*, 2003 WL 21659663, at *2 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)); *accord Deghand*, 904 F.Supp. at 1221.

[19]*Lone Star Steakhouse,* 2003 WL 21659663, at *2; *Deghand*, 904 F. Supp. at 1221 (citations omitted).

[20]*Ingle v. Dryer*, No. 07-cv-00428-LTB-CBS, 2008 WL 1744337, at *2 (D. Colo. Apr. 11, 2008) (citing *Burks v. Okla. Publ. Co.*, 81 F.3d 975, 978-79 (10th Cir. 1996)).

failed to cure deficiencies by amendments previously allowed; whether the opposing party will be unduly prejudiced if the amendment is allowed; and whether amendment would be futile.[21]

## III.     The Parties' Arguments

Plaintiffs contend they were not aware they had named the wrong party until they received Defendant's Motion for Summary Judgment on June 2, 2008.   Plaintiffs explain that before their counsel filed the Petition, he conducted the following investigation:

> [Plaintiffs' counsel] used the Kansas Secretary of State's website to determine the proper defendant.  Plaintiffs' attorney thoroughly searched all records for the name of the legal entity that owns Great Wolf Lodge.  The only corporate legal entity the search returned as the owner of the Great Wolf Lodge of Kansas City was the "Great Wolf Lodge of Kansas City, LLC."[22]

As a result of this investigation, Plaintiffs' counsel filed the Petition against Defendant. Plaintiffs contend that the correct party's name, i.e., "Great Wolf Resorts," was not revealed through their counsel's search because he used the search term "Great Wolf Lodge," as that was the name of the facility where Plaintiffs stayed.  They state, however, that after receiving Defendant's Motion for Summary Judgment, their counsel conducted another search based on the information contained in that motion.  It was only then that he learned the entity that owned Great Wolf Lodge of Kansas City was Great Wolf Resorts and not Defendant.

Plaintiffs assert that Defendant's Answer did not put them on notice that they had sued the wrong entity.  Plaintiffs do not discuss the fact that Defendant asserted in Paragraph 23 of its

---

[21]*See Minter,* 451 F.3d at 1204 (quoting *Foman,* 371 U.S. at 182).

[22]Pls.' Reply (doc 27) at p. 3.

Answer that "it is not a proper party-defendant in this lawsuit."[23]  Instead, Plaintiffs focus on

Paragraph 3 of Defendant's Answer, which responded to Paragraph 9 of the Petition.

Paragraph 9 of the Petition alleged that "on or about March 3, 2006, Plaintiffs were present

at Defendant's premises as business invitees, at Great Wolf Lodge of Kansas City, LLC owned

and/or operated by Defendant and located at or near 10401 Cabella Drive, Kansas City, Wyandotte

County, Kansas."[24]  Defendant answered Paragraph 9 as follows:

> Answering the allegations of Paragraph 9, denied as stated; in that regard, this defendant states that upon information and belief, plaintiffs were present at 10401 Cabella Drive in Kansas City, Wyandotte County, Kansas, on or about March 3, 2006, but the remaining allegations and any inferences therefrom are denied as stated.[25]

Plaintiffs contend that this denial was vague and ambiguous and therefore insufficient to put

them on notice that Defendant was denying that it owned or operated the Great Wolf Lodge where

Plaintiffs stayed.  Plaintiffs maintain that Defendant's use of the phrase "denied as stated" led them

to believe that Defendant was merely denying "the wording of the allegation" and not denying that

it was the proper party defendant.[26]

Finally, Plaintiffs argue that Great Wolf Resorts will not be prejudiced by the amendment,

as Defendant is related to Great Wolf Resorts.  Defendant's Disclosure of Corporate Interest

indicates that Great Wolf Resorts owns the limited liability limited partnership which owns a portion

---

[23]Def.'s Answer (doc. 5), ¶23

[24]Pls.' Pet., attached a Ex. A to Notice of Removal (doc. 1), ¶ 9.

[25]Def.'s Answer (doc. 5), ¶3.

[26]Pls.' Reply (doc 27) at p. 4.

of Defendant.[27]  Thus, Plaintiffs contend that Great Wolf Resorts must have known about the lawsuit from the date Defendant was served, and both Great Wolf Resorts and Defendant knew that, but for the mistake, the lawsuit would have been filed against Great Wolf Resorts.  Plaintiffs, on the other hand, will be highly prejudiced if the amendment is not allowed.  According to Plaintiffs, if the amendment is not allowed, they will be barred from filing a new lawsuit against Great Wolf Resorts because the two-year negligence statute of limitations expired on March 3, 2008.[28]

Defendant asserts that there is nothing ambiguous about its denial of Paragraph 9 of Plaintiffs' Petition.  Moreover, Defendant contends that Paragraph 23 of its Answer clearly and unequivocally stated its defense that it is not the proper party defendant.  Consequently, Defendant maintains that upon receipt of Defendant's Answer, Plaintiffs knew, or should have known, that they had sued the wrong entity.   Thus, Plaintiffs cannot reasonably argue that they did not learn of the need to amend their Petition until Defendant filed its Motion for Summary Judgment on June 2, 2008.

## IV.    Analysis

Having considered the parties' arguments and the standards set forth above, the Court concludes that Plaintiffs' Motion to Amend should be denied.  Plaintiffs have failed to establish

---

[27]The Disclosure states:  "The corporation that owns the LLLP which owns more than 10% of the defendant LLC is Great Wolf Resorts, Inc., a publicly held company."  Doc. 4 at p. 1.

[28]Plaintiffs contend that if the amendment is allowed, the claims against Great Wolf Resorts would relate back under Fed. R. Civ. P. 15(c)(1)(C), and the amended claims would not be barred by the statute of limitations.  Rule 15(c)(1)(C) provides that an amendment relates back to the date of the original pleading if the amendment asserts a claim arising out of the same conduct or occurrence set out in the original pleading, and, if, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by the amendment (a) received such notice of the of the action that it will not be prejudiced in defending on the merits, and (b) the party knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

good cause for filing their Motion to Amend two and one-half months after the April 15, 2008 amendment deadline. Paragraph 23 of Defendant's Answer clearly asserted Defendant's defense that it "is not a proper party-defendant in this lawsuit."[29] While Plaintiffs were not required to take Defendant's defense at face value, Paragraph 23 of the Answer clearly put Plaintiffs on notice that Defendant contended it was the wrong party to be sued. This is particularly true in light of Defendant's answer to Paragraph 9 of Plaintiffs' Petition. As noted above, in answering Paragraph 9, Defendant admitted *only* that Plaintiffs were present at 10401 Cabella Drive in Kansas City, Kansas on March 3, 2006. Defendant "denied as stated" all "remaining allegations and inferences therefrom,"[30] which included the allegations that Plaintiffs were present at "Defendant's premises" and that those premises were "owned and/or operated by Defendant."[31] The Court does not find this denial to be vague or ambiguous, as Plaintiffs claims.

Even *assuming arguendo* that Plaintiffs could reasonably construe Defendant's denial to be ambiguous, Plaintiffs should have inquired about, and/or conducted discovery to determine, the basis for Defendant's denial. If Plaintiffs needed additional time to conduct such discovery, Plaintiffs could have easily sought an extension of the amendment deadline. Plaintiffs did not do that, and, in fact, waited to serve written discovery requests on Defendant until May 6, 2008, which was well beyond both the expiration of the statute of limitations and the amendment deadline.

In sum, the Court is not persuaded by Plaintiffs' argument that they did not know or have reason to know, that it had sued the wrong party until Defendant filed its Motion for Summary Judgment in June 2008. In addition, the Court is not persuaded by Plaintiffs' attempt to show good

---

[29]Def.'s Answer (doc. 5), ¶23.

[30]*Id.*, ¶3.

[31]*Id.*

cause by arguing that they made a diligent pre-filing investigation to name the correct party. Even giving Plaintiffs the benefit of the doubt that a proper and thorough pre-filing investigation was made, that does not excuse Plaintiffs' later disregard of Defendant's Answer. Irrespective of Plaintiffs' pre-filing efforts, the fact remains that Defendant's October 31, 2007 Answer clearly put Plaintiffs on notice that they had sued the wrong defendant, and Plaintiffs did nothing to investigate or correct their error until long after the amendment deadline had passed.

In light of the foregoing, the Court cannot conclude that Plaintiffs have met their burden to show they could not have met the amendment deadline had they acted with due diligence.[32] Thus, the Court holds that Plaintiffs have not shown good cause to excuse their filing of the Motion to Amend after the amendment deadline.

Plaintiffs' failure to establish good cause under Rule 16(b)(4) is, in and of itself, sufficient basis for the Court to deny Plaintiffs' motion. Thus, the Court need not determine whether Plaintiffs have met the standards for amending under Rule 15(a). Even if the Court were to analyze Plaintiffs' motion pursuant to Rule 15(a), the Court would still deny the motion on the basis of undue delay. As noted above, undue delay is one basis that a court may deny leave to amend under Rule 15(a).[33] Undue delay is similar to the Rule 16(b)(4) good cause standard.[34] For substantially the same

---

[32]The Court need not consider whether either Defendant or Great Wolf Resorts would be prejudiced by the amendment. As noted above, the lack of prejudice to the nonmovant does not show "good cause." *See Lone Star Steakhouse,* 2003 WL 21659663, at *2; *Deghand*, 904 F. Supp. at 1221 (citations omitted).

[33]*Minter,* 451 F.3d at 1204 (quoting *Foman,* 371 U.S. at 182).

[34]*Wilson,* 2008 WL 2622895, at *4 (citing *Minter,* 451 F.3d at 1205, n. 4). As Judge Lungstrum noted in *Wilson*, the Tenth Circuit in *Minter* declined to expressly decide whether a party seeking to amend its pleadings after the scheduling order deadline must satisfy the "good cause" requirement because of the "rough similarity between the 'good cause' standard of Rule 16(b) and [the] 'undue delay' analysis under Rule 15." *Id.*, at *4 (quoting *Minter,* 451 F.3d at 1205, n.4).

reasons that the Court concluded Plaintiffs have not shown good cause, the Court also concludes that Plaintiffs unduly delayed in filing their motion.

To allow Plaintiffs to amend their Complaint to substitute a new defendant at this juncture with no sound justification for their delay would be contrary to the reasonable and efficient processing of litigation that is of utmost importance in attempting to provide all parties a just, speedy and inexpensive resolution of their disputes.[35] The Court therefore denies Plaintiffs' Motion for Leave to File First Amended Petition.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to File First Amended Petition (doc. 22) is denied.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 15th day of September 2008.


s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge


cc:     All counsel and *pro se* parties

---

[35]*See* Fed. R. Civ. P. 1.