DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**BAILEE MERIDITH, et al.,**

                  **Plaintiffs,**           Civil Action

**v.**                                         No. 07-2529-DJW

**GREAT WOLF LODGE OF**
**KANSAS CITY, LLC,**

                  **Defendant.**

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Compel Discovery (doc. 34). Defendant states in its motion that Plaintiffs have failed to serve responses to Defendant's Opening Interrogatories and Requests for Production of Documents. Those responses were due June 16, 2008.

Plaintiffs' response to the Motion to Compel was due September 3, 2008; however no response was filed. Pursuant to D. Kan. Rule 6.1(d), Plaintiffs' failure to file a response within the time specified by the Rule constituted waiver of the right thereafter to file such a response.[1] Moreover, D. Kan. Rule 7.4 provides that where a party fails to file a response within the time required by Rule 6.1(d), "the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."[2]

---

[1] D. Kan. Rule 6.1(d).

[2] D. Kan. Rule 7.4.

In light of the above, the Court will grant Defendant's Motion to Compel as unopposed. Plaintiffs shall serve their discovery responses and produce all requested documents on or before **October 10, 2008.** The production of documents shall take place at the office of Defendant's counsel or at any other location agreed upon by the parties. Because Plaintiffs have failed to serve any timely objections to the interrogatories or requests for production, all objections are deemed waived.[3] Accordingly, no objections to the interrogatories or requests for production shall be asserted.

Defendant requests, pursuant to Federal Rule of Civil Procedure 37(a), that it be awarded the reasonable attorney's fees and expenses that it has incurred in connection with this motion. Under Rule 37(a)(5)(A), the award of fees and expenses is mandatory, unless certain exceptions apply. The Rule provides in pertinent part: "If the motion [to compel discovery] is granted . . . the court *must,* after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the (i) the movant filed the motion before attempting in good faith to obtain the discovery without court action, (ii) the opposing party's

---

[3]It is well settled that in the absence of good cause to excuse a failure to timely object to interrogatories or requests for production of documents, all objections not timely asserted are waived. *See, e.g., Brackens v. Shield,* No. 06-2405-JWL-DJW, 2007 WL 2122428, at *1, n.3 (D. Kan. July 20, 2007) (applying rule in granting unopposed motion to compel); *Bradley v. Val-Mejias,* No. 00-2395-GTV, 2002 WL 1249339, at *4 (D. Kan. Oct. 9, 2001); *Starlight Int'l, Inc. v. Herlihy*, 181 F.R.D. 494, 496 (D. Kan. 1998) (quoting Fed. R. Civ. P. 33(b)(4) ("untimely objections are 'waived unless the party's failure to object is excused by the court for good cause shown.'").

responses or objections were substantially justified, or (iii) other circumstances make an award of expenses unjust.[4]

The Court does not find that any of the stated exceptions apply here. Furthermore, the Court notes that it is not required to hold a hearing before making such an award. Although the Court must afford the party an "opportunity to be heard,"[5] the Court may consider the issue of expenses "on written submissions."[6] Here, Defendant expressly requested in its supporting memorandum that it be awarded attorney's fees and expenses.[7] Although Plaintiffs did not file a brief in response to the request for fees and expenses, they had the opportunity to do so. The Court therefore finds that Plaintiffs have had sufficient "opportunity to be heard" within the meaning of Rule 37(a)(5)(A).[8]

In light of the above, the Court will grant Defendant's request for attorney's fees and expenses. To aid the Court is determining the proper amount of the award, Defendant's counsel shall file, by **October 1, 2008,** an affidavit itemizing the fees and expenses that Defendant incurred in bringing its Motion to Compel. Plaintiffs shall have until **October 15, 2008** to file a response to the affidavit. Thereafter, the Court will issue an order specifying the amount of the award and the time of payment.

---

[4] Fed.R.Civ.P. 37(a)(5)(A) (emphasis added).

[5] *Id.*

[6] *Bradley v. Val-Mejias*, No. 00-2395-GTV, 2001 WL 124339, at *11 n.7 (D. Kan. Oct. 9, 2001) (citing Fed. R. Civ. P. 37(a) advisory committee's note).

[7] See Mem. in Support of Mot. to Compel Discovery (doc. 35) at p. 5.

[8] *See Boilermaker-Blacksmith Nat'l Pension Fund v. Nevada Boiler Works, Inc.,* No. 96-2168-GTV, 1997 WL 118443 (D. Kan. Mar. 11, 1997) ("opportunity to be heard" requirement of Rule 37(a) satisfied where party had opportunity to address, but did not address, sanctions in response to motion to compel containing request for sanctions).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Discovery (doc. 34) is granted, and Plaintiffs shall serve, without asserting any objections, their responses to the interrogatories and requests for production at issue, and produce all requested documents, on or before **October 10, 2008.**

**IT IS FURTHER ORDERED** that Defendant's request for attorney's fees and expenses incurred in connection with the Motion to Compel is granted, and Defendant shall file by **October 1, 2008** an affidavit itemizing the reasonable attorney's fees and expenses it has incurred in connection with its Motion to Compel. Plaintiffs' response to the affidavit shall be filed on or before **October 15, 2008.**

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 19th day of September 2008.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc: All counsel and *pro se* parties