ams
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BAILEE MERIDITH, et al.,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 07-2529-JAR |
| **GREAT WOLF LODGE OF KANSAS CITY, L.L.C.,** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on defendant Great Wolf Lodge of Kansas City, L.L.C.'s ("GWLKC") Motion for Summary Judgment (Doc. 18). Plaintiffs filed this negligence action originally in Wyandotte County District Court and defendant filed a notice of removal on October 29, 2007. Plaintiff has not filed a response to defendant's motion and the time to do so has expired.[1] As explained more fully below, defendant's motion for summary judgment is granted.

## I.   Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[2] A fact is only material under this standard if a dispute over it would affect the outcome

---

[1] *See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within 23 days). Defendant filed its summary judgment motion on June 2, 2008.

[2] Fed. R. Civ. P. 56(c).

of the suit.[3] An issue is only genuine if it "is such that a reasonable jury could return a verdict for the nonmoving party."[4] The inquiry essentially determines if there is a need for trial, or whether the evidence "is so one-sided that one party must prevail as a matter of law."[5]

The moving party bears the initial burden of providing the court with the basis for the motion and identifying those portions of the record that show the absence of a genuine issue of material fact.[6] "A movant that will not bear the burden of persuasion at trial need not negate the nonmovant's claim."[7] The burden may be met by showing that there is no evidence to support the nonmoving party's case.[8] If this initial burden is met, the nonmovant must then "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[9] When examining the underlying facts of the case, the Court is cognizant that all inferences must be viewed in the light most favorable to the nonmoving party and that it may not make credibility determinations or weigh the evidence.[10]

Under D. Kan. Rule 7.4, a "failure to file a brief or response within the time specified . . .

---

[3]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[4]*Id.*

[5]*Id.* at 251–52.

[6]*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[7]*Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp.*, 477 U.S. at 325).

[8]*Id.*

[9]*Id.*

[10]*See Scott v. Harris*, –U.S.–, 127 S. Ct. 1769, 1774–75 (2007); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

shall constitute a waiver of the right thereafter to file such brief or response . . . ."[11] Further, if a "respondent fails to file a response within the time required . . . the motion will be considered and decided as an uncontested motion and ordinarily will be granted without further notice."[12] However, "[i]t is improper to grant a motion for summary judgment simply because it is unopposed."[13] This will be the case where the movant fails to make out a prima facie case for summary judgment.[14] It is the role of the court to ascertain whether the moving party has sufficient basis for judgment as a matter of law.[15] In so doing, the court must be certain that no undisclosed factual dispute would undermine the uncontroverted facts.[16]

## II. Uncontroverted Facts

All material facts set forth by defendant in its motion for summary judgment are deemed admitted for the purpose of summary judgment, as plaintiffs have failed to specifically controvert them as required under D. Kan. R. 56.1.

Plaintiffs allege that GWLKC "owned and/or operated" the Great Wolf Lodge located in Kansas City, Kansas. Plaintiffs allege that they were business invitees at the Great Wolf Lodge on March 3, 2006, and that while staying there overnight, they were bitten by bugs. Plaintiffs allege that GWLKC's negligence caused them damages.

---

[11] D. Kan. R. 7.4.

[12] *Id.*

[13] *Thomas v. Bruce*, 428 F. Supp. 2d 1161, 1163 (D. Kan. 2006) (quoting *E.E.O.C. v. Lady Baltimore Foods, Inc.*, 643 F. Supp. 406, 407 (D. Kan. 1986) (citing *Hibernia Nat'l Bank v. Administracion Ctl. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)).

[14] *Id.* (citations omitted).

[15] *Id.* (citing *Lady Baltimore Foods*, 643 F. Supp. at 407).

[16] *Id.*

GWLKC does not own, manage, operate nor control the lodging establishment referenced in the Petition as the Great Wolf Lodge. Likewise, GWLKC did not own, manage, operate nor control the lodging establishment referenced in the Petition as the Great Wolf Lodge on the date the alleged negligence occurred.

### III. Discussion

Defendant argues in its summary judgment motion that it is not a proper party to this lawsuit since it does not own, manage, operate nor control the Great Wolf Lodge. Instead of responding to this motion, plaintiffs filed a Motion to Amend the Complaint, stating that they mistakenly named GWLKC as the defendant and that they now wish to amend the complaint to plead their causes of action against Great Wolf Resorts, Inc. In a Memorandum and Order dated September 15, 2008, Judge Waxse denied plaintiffs motion to amend, finding no good cause existed to allow plaintiffs leave to amend their complaint out of time.[17]

For substantially the same reasons outlined in defendant's motion for summary judgment, and conceded in plaintiff's motion to amend the complaint, the Court finds that defendant owed no duty to plaintiffs as invitees at the Great Wolf Lodge. Therefore, GWLKC is not a proper defendant in this case and summary judgment is appropriate in its favor.

**IT THEREFORE ORDERED BY THE COURT THAT** defendant's Motion for Summary Judgment (Doc. 18) is granted.

**IT IS SO ORDERED.**

Dated this 29th day of September, 2008

---

[17](Doc. 37.)

S/ Julie A. Robinson
Julie A. Robinson
United States District Judge