DJW/1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BAILEE MERIDITH, et al.,**

                            **Plaintiffs,**                    Civil Action

**v.**                                                           No. 07-2529-DJW

**GREAT WOLF LODGE OF
KANSAS CITY, LLC,**

                            **Defendant.**

**MEMORANDUM AND ORDER**

On September 18, 2008, the Court granted Defendant's Motion to Compel Discovery (doc. 34) and, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), awarded Defendant the reasonable expenses and fees that it incurred in bringing its Motion to Compel.[1] To aid the Court in determining the proper amount of the award, Defendant was directed to file, by October 1, 2008, an affidavit itemizing the attorney's fees and expenses that it had incurred in bringing the Motion to Compel. Plaintiffs were directed to file a response thereto by October 15, 2008. The Court indicated that it would enter a ruling regarding the amount and time for payment of the fees after considering those pleadings.

Defendant's counsel has submitted an affidavit (doc. 43) indicating that counsel billed Defendant $1,001.00 in attorney and paralegal fees in connection with bringing the Motion to Compel (doc. 34) and Supporting Memorandum (doc. 35). Plaintiffs have filed no response or opposition to the affidavit.

---

[1] *See* Mem. and Order (doc. 38). As Plaintiffs filed no response to the Motion to Compel, the Motion was granted as uncontested. *See id.* at pp. 1-2.

The Court finds that an award of $1,001.00 is reasonable and appropriate under the circumstances of this case. Accordingly, the Court will award Defendant fees in the total amount of $1,001.00.

The Court must now determine whether Plaintiffs or their counsel should be responsible for paying the award, as the Court's September 18, 2008 Memorandum and Order did not address that particular issue. It is well settled that, to the extent possible, attorney fee awards under Rule 37(a) should be imposed only upon the person or entity responsible for the conduct giving rise to the fee award.[2] The sanctioning of a party, as opposed to the party's counsel, requires specific findings that the party was aware of, and/or responsible for, the wrongdoing.[3] Here, there is nothing in the record indicating that Plaintiffs were aware that they owed Defendant discovery responses or that they were responsible for making the decision to not answer the discovery requests at issue in the Defendant's Motion to Compel.[4] Accordingly, the Court holds that the fee award should be imposed against Plaintiffs' counsel rather than Plaintiffs themselves. Moreover, the Court holds that the sanctions should be paid by the *law firm* rather than the *individual attorneys* representing Plaintiffs.[5]

---

[2]*See Kan. Wastewater, Inc. v. Alliant Techsystems, Inc.*, 217 F.R.D. 525, 532 n.28 (D. Kan. 2003); *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 697 (D. Kan. 2000) .

[3]*Kan. Wastewater,* 217 F.R.D. at 532 n.28 (applying rule to fee award made under Rule 37(a); *McCoo,* 192 F.R.D. at 697 (same).

[4]Defendant's counsel Hal Metzler stated in his affidavit attached to the Motion to Compel (*see* Ex. A, doc. 35) that Plaintiffs' counsel informed him on July 21, 2008 that "he was not going to have his clients respond to discovery propounded by 'the wrong defendant' and that he would wait for the Court to rule on his Motion to Amend to substitute another defendant." *Id.*, ¶5.c. It would appear then that it was Plaintiffs' counsel who made the decision to not serve responses to the discovery requests at issue in the Motion to Compel.

[5]*See Kan. Wastewater*, 217 F.R.D. at 532 n.28 (holding law firm rather than individual attorneys responsible for payment of fees awarded under Rule 37(a)) (citing *McCoo*, 192 F.R.D. at
(continued...)

In light of the above, the law firm of Plaintiffs' counsel, McCollum and Griggs, LLC, shall be responsible for paying the sum of $1,001.00 to Defendant. Payment shall be made within **twenty (20) days** of the date of filing of this Order.

**IT IS THEREFORE ORDERED** that pursuant to the Court's September 18, 2008 Memorandum and Order (doc. 38), the law firm of Plaintiffs' counsel, McCollum and Griggs, LLC, shall pay the sum of $1001.00 to Defendant within **twenty (20) days** of the date of filing of this Order.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 2nd day of December 2008.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc: All counsel and *pro se* parties

---

[5](...continued)
697 and Kan. Rule of Prof. Conduct 5.1).